

DA 07-0350

# IN THE SUPREME COURT OF THE STATE OF MONTANA

## 2008 MT 75N

KAREN KORST,

      Plaintiff and Appellant,

  v.

BENEFIS HEALTH CARE, a Montana
Corporation,

      Defendant and Appellee.

APPEAL FROM:    District Court of the Eighth Judicial District,
In and For the County of Cascade, Cause No. BDV 01-867,
Honorable Julie Macek, Presiding Judge

COUNSEL OF RECORD:

      For Appellant:

      John E. Seidlitz, Jr., Seidlitz Law Office, Great Falls, Montana

      For Appellee:

      Neil E. Ugrin and Mark F. Higgins, Ugrin, Alexander,
Zadick & Higgins, P.C., Great Falls, Montana

                Submitted on Briefs:  February 6, 2008

                          Decided:  March 4, 2008

Filed:

_____
                Clerk

Justice W. William Leaphart delivered the Opinion of the Court.

¶1    Pursuant to Section I, Paragraph 3(d), Montana Supreme Court 1996 Internal Operating Rules, as amended in 2003, the following memorandum decision shall not be cited as precedent.  It shall be filed as a public document with the Clerk of the Supreme Court and its case title, Supreme Court cause number and disposition shall be included in this Court's quarterly list of noncitable cases published in the Pacific Reporter and Montana Reports.

¶2    Karen Korst (Korst) appeals from the District Court's order granting summary judgment to Benefis Healthcare.  We affirm.

¶3    Beginning in 1974, Korst worked as a registered nurse for Benefis Healthcare and its predecessor (collectively, Benefis).  Benefis required its registered nurses to wear gloves, and Benefis provided its nurses latex gloves with latex powder.  In addition to the latex gloves, Korst also used isolation masks and gowns that were made from latex or latex components.  On September 13, 1999, Korst suffered a latex allergy while working as a registered nurse for Benefis.  Korst received workers' compensation benefits for her injury, and she ultimately settled with Benefis's workers' compensation insurer.  Korst also filed a complaint against Benefis in which she alleged that her injuries resulted from exposure to latex and products containing latex and that Benefis had failed to take steps to reduce and eliminate her exposure.  Further, Korst claimed that Benefis "had knowledge of facts that created a high probability of injury to [Korst] and deliberately proceeded to act with indifference . . . or in conscious disregard of the high probability of injury" to Korst.

2

¶4 Benefis moved for summary judgment and argued that the workers' compensation exclusivity statute, § 39-71-411, MCA, barred Korst's claims. Korst responded that her complaint and the uncontested facts established that Benefis had acted with actual malice and that her claim thus presented an exception to workers' compensation exclusivity as provided under § 39-71-413, MCA (1999), and our decision in *Sherner v. Conoco, Inc.*, 2000 MT 50, 298 Mont. 401, 995 P.2d 990, *superseded*, § 39-71-413, MCA (2001). The District Court granted summary judgment to Benefis, and Korst appeals.

¶5 We review de novo appeals from summary judgment and apply the same evaluation as the District Court under M. R. Civ. P. 56. *Ereth v. Cascade County*, 2003 MT 328, ¶ 11, 318 Mont. 355, ¶ 11, 81 P.3d 463, ¶ 11. We apply the Workers' Compensation Act effective at the time an employee suffers an injury. *BeVan v. Liberty Northwest Ins. Corp.*, 2007 MT 357, ¶ 8, 340 Mont. 357, ¶ 8, 174 P.3d 518, ¶ 8.

¶6 Under *Sherner* and § 39-71-413, MCA (1999), in addition to recovering workers' compensation benefits, an employee may bring a tort action to recover for the intentional and malicious acts of an employer or fellow employee if the employee shows "actual malice" as set forth in § 27-1-221(2), MCA (1999). *Sherner*, ¶ 37. Thus, to recover damages under § 39-71-413, MCA (1999), Korst needed to show that Benefis had "knowledge of facts or intentionally disregard[ed] facts that create[d] a high probability of injury to [Korst] and: (a) deliberately proceed[ed] to act in conscious or intentional disregard of the high probability of injury to [Korst]; or (b) deliberately proceed[ed] to act with indifference to the high probability of injury to [Korst]." Section 27-1-221(2), MCA (1999).

3

¶7     By the mid-nineties, Benefis knew that latex could cause allergic reactions in patients and employees.  Benefis began taking steps to reduce the problems associated with latex.  Part of Benefis's protocol included screening its employees and identifying those with latex sensitivities.  Benefis screened Korst for latex sensitivity in August 1996.  Korst's responses to a "Latex Sensitivity/Allergy Questionnaire" indicated that she experienced no sensitivity to latex other than that she "sometimes" experienced a reaction to band-aids/tapes.  Our review of the record reveals no additional evidence that would have notified Benefis that a high probability of injury to Korst existed.  Though a negligence claim may have been viable were it not barred by the exclusivity provision of § 39-71-411, MCA, we agree with the District Court that "[t]aking everything that [Korst] has put forward as being true here and giving it the best inference . . . it still falls short" of meeting the standards of § 39-71-413, MCA (1999).

¶8     Korst also asserts that the District Court erred in failing to incorporate discovery from a case she claims bears similarity to her case: *Valerie Ridgeway v. Benefis Healthcare, Inc.*, Cause No. DV-2001-02.  Although discovery from a case with similar issues may be relevant in a negligence claim, we fail to see how such discovery would show that Benefis acted with actual malice toward Korst, and we conclude that this issue is without merit.

¶9     It is appropriate to decide this case pursuant to our Order of February 11, 2003, amending Section 1.3 of our 1996 Internal Operating Rules and providing for memorandum opinions.  It is manifest on the face of the briefs and the record before us that the appeal is without merit because the legal issues are clearly controlled by settled

4

Montana law which the District Court correctly interpreted and there was clearly no abuse of discretion by the District Court.

¶10     We affirm.

/S/ W. WILLIAM LEAPHART

We concur:

/S/ KARLA M. GRAY
/S/ JAMES C. NELSON
/S/ JIM RICE
/S/ BRIAN MORRIS